**HLD-002**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2806
_____

CHRISTOPHER EUBANKS,
                                        Appellant
v.

T.R. SNIEZEK, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00905)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS,  Circuit Judges
(Opinion filed:  February 14, 2011)
_____

OPINION
_____

PER CURIAM.

        Christopher Eubanks, proceeding *pro se*, appeals the order of the District

Court dismissing his petition under 28 U.S.C. § 2241.  Because the appeal does not

present a substantial question, we will summarily affirm.

1

I

In 2006, Eubanks pleaded guilty in the United States District Court for the Northern District of West Virginia to drug trafficking charges. He was sentenced to 63 months' imprisonment. In 2007, he filed in that District a motion to vacate his sentence under 28 U.S.C. § 2255. That motion was dismissed as time-barred. In the meantime, he filed a motion to reduce his sentence under 18 U.S.C. § 3582. His sentence was reduced to 51 months' imprisonment, based on amendments to the federal sentencing guidelines as they applied to crack cocaine offenses.

Then, in May 2009, Eubanks filed in the United States District Court for the Middle District of Pennsylvania a petition under 28 U.S.C. § 2241, challenging the calculation of his original sentence under the Federal Sentencing Guidelines – a claim he raised in his time-barred § 2255 motion. When Eubanks filed the petition, he was confined at Schuylkill Federal Prison Camp, Minersville, Pennsylvania, which is within the Middle District. The District Court dismissed the petition for lack of jurisdiction, and Eubanks filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm the District Court's decision if Eubanks's appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

A federal prisoner challenging the validity of his conviction or sentence

2

must pursue collateral relief under § 2255 in the district court that imposed his sentence. See § 2255(a). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained" by a district court. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. In dismissing Eubanks's petition for lack of jurisdiction, the District Court reasoned that Eubanks did not demonstrate that § 2255 was an inadequate or ineffective remedy. We are in full accord with the reasoning of the District Court.

Accordingly, we will summarily affirm the District Court's order.